IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Criminal Case No. 05-cv-01478-WDM-MJW

JAMES SAINT-VELTRI,

    Plaintiff,

v.

J. VIGIL et al.,

    Defendants.

_____

**ORDER**
_____

Miller, J.

    This matter is before me on plaintiff James Saint-Veltri's (Saint-Vetri) motion for reconsideration of order of dismissal, filed February 23, 2006. On December 27, 2005, I ordered that Saint-Vetri's case be dismissed for failure to file a notice of change of address as required by D.C.COLO.LCivR 10.1M, and for failure to comply with an order to show cause. His current motion requests that I reconsider this order pursuant to either Fed. R. Civ. P. 59(c) or 60(b). Having considered the motion, I conclude that it should be denied.

    Saint-Veltri purports to seek relief under Rules 59(c) and 60(b), but because 59(c) is clearly not applicable, I will construe the motion as one under either Rule 59(e) or 60(b). However, although Rule 59(e) is potentially applicable, a party has only ten days after a judgment is entered to seek relief, and this deadline cannot be extended. *See* Rules 59(e) & 6(b). Therefore, since Saint-Veltri's case was dismissed on December 27, 2005, and he filed this motion on February 23, 2006, relief is not appropriate under Rule 59(e).

The time constraints under Rule 60(b), however, are not as limiting, and Saint-Veltri's motion is timely under this rule. As relevant in this case, a court may relieve a party from a final judgment or order in cases of "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(1) & (6). But the Tenth Circuit has repeatedly cautioned that relief under this rule is extraordinary and must be limited to exceptional cases. *See, e.g., Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

In support of his motion, Saint-Veltri explains that he assumed that his mail would be forwarded to him once he left the Denver County Jail, and that he hoped that the Clerk would notice his new address on documents he filed since his move. However, "carelessness by a litigant . . . does not afford a basis for relief under Rule 60(b)(1), *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990), and I find insufficient cause to grant relief under Rule 60(b)(6).

Accordingly, it is ordered that Plaintiff's motion for reconsideration, filed February 23, 2006 (Docket No. 27), is denied.

DATED at Denver, Colorado, on March 2, 2006.

BY THE COURT:

s/ Walker D. Miller  
United States District Judge